JONES
*vs.*
WALKER.

---

ASSUMPSIT.

Case 9.

December 14.

## Jones *vs.* Walker.

### ERROR TO MONTGOMERY CIRCUIT.

Judge MARSHALL delivered the opinion of the court.

J held a demand against G, and was about to sue out an attachment; W promised that if he would desist and not sue, that he would pay or see the debt paid; J agreed, and did not sue—held that the promise by W was within the statute of frauds and not binding.

This action is founded upon a verbal promise made by Walker to Jones, the nature of which will be sufficiently explained by the following instruction which the court, after refusing instructions of an opposite character asked for by Walker, gave on motion of Jones the plaintiff in the action. The court instructed the jury, "that if they believed from the evidence that Jones was about to sue out an attachment against Glover for a just debt, and Walker promised that if he would desist and not sue, that he, Walker, would pay the debt or would see it paid, and Jones agreed to do so, which agreement may be by word or act, and Jones relying on such agreement did not sue out any attachment, or any other proceeding on said debt until this suit, the law is for Jones, and the jury must find for him."

J held a demand against G, and was about to sue out an attachment; W promised that if he would desist and not sue, that he

This instruction does not require, as essential to the validity of the promise to pay the debt of another, that the original debtor shall be discharged in consideration of the promise, since it not only does not submit the fact of discharge as one on which its conclusion depends, but makes the promise to see the debt paid, which implies its continuance, equiva-

lent to a direct promise to pay it, which would at least be consistent with the discharge of the original debtor. It requires no other consideration but an agreement to abstain from the intended remedy by attachment for a just debt, and allows even that agreement to be implied from acts, and, as it would seem, from the fact of actual forbearance.

Forbearance to sue a debtor is a sufficient consideration for the promise of a third person to pay the debt, provided the forbearance be for a reasonable time. And as there had been a forbearance in this case for several years, (as the jury were bound to find and the court had a right to assume,) the instruction, though saying nothing about time, could not, on the mere question of consideration, have been prejudicial even if there be no distinction between forbearance to sue out an attachment and to sue in any other form. If there be such distinction it must arise from the superior efficacy of the attachment to coerce payment, and that depends upon the fact of their being property of the debtor subject to attachment and to the satisfaction of the debt, which fact is not included among those submitted to the jury.

But if this be a promise to pay the debt of another, something more is necessary to its legal validity or enforcibility besides a sufficient consideration. The statute of frauds declares that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another, unless the promise, or some note or memorandum thereof, be in writing, signed by the party to be charged, or his authorized agent. It would seem, then, that the only inquiry should be, whether it was Glover's debt or his own, that Walker promised to pay. The instruction assumes, or at least admits, that at the time of the promise the debt was Glover's, and unless the mere fact that Walker on sufficient consideration promised to pay it, operated to discharge Glover, it continued to be his debt though all facts contained in the instruction be true;

would pay or see the debt paid; J agreed, and did not sue —held that the promise by W was within the statute of frauds and not binding.

and if Walker is compelled to perform his promise and pay it, he will be compelled to pay Glover's debt. Most certainly the agreement not to sue out the threatened attachment, or if it had been never to sue out an attachment for the debt, did not discharge Glover, for it would have been no violation of its terms to have sued him in any other form immediately, or at least after a reasonable delay. That the promise of Walker to pay the debt, or see it paid, did not, *ipso facto*, discharge Glover, is equally certain. And that it did is not suggested. Jones still holds the note of Glover evidencing the debt, and looks both to him and Walker for payment. Indeed, some payments have been made by Walker and credited on the note at an advance of twenty-five per cent. on the sum paid. So that the transaction was not intended or understood by the parties themselves as operating to discharge Glover before actual payment.

It is a very nice construction of the statute, or of the facts, to say that a promise to pay a debt due by another is not within the statute, if the consideration be that the debtor shall be immediately discharged in consideration of the promise. There would unquestionably be a sufficient consideration for such a promise; and if the promise and the discharge be simultaneous in fact or in contemplation of law, it might be said that, as the original debt ceases at the very instant that the promise is made, or by its immediate effect, the promise is not to pay the debt of another; or that by the effect of the transaction the promiser becomes the debtor, and the only debtor, and his promise is to pay his own debt and not that of another since there is no such debt. But this argument cannot be applied to the case where the original debt is not extinguished nor the original debtor discharged until the promise is performed by payment.

The statute, it is true, applies only to a promise to answer for the debt, default, or miscarriage of another, and not to a promise to answer for or to pay

the promiser's own debt. And, therefore, a verbal promise to pay what the promiser would be bound to pay without the promise, is valid and enforceable though it be in form to pay the debt of another, and though its performance will have that effect. But it will not do to say that the existence of a sufficient consideration for a promise to pay the debt of another, or that the fact that the promise is made on sufficient consideration, will make the promiser a debtor promising to pay his own debt, and thus take the case out of the interdict of the statute, though the original debtor be still bound. For independently of the statute, a verbal promise was not valid or enforceable unless founded on a sufficient consideration. And if it be enforceable now, whenever founded on a sufficient consideration, the provisions of the statute prohibiting the enforcement of verbal promises to pay the debt of another is a dead letter, making no change in the law as it stood before.

Are there then any circumstances under which a promise by one person to pay the debt of another may be enforced without a violation of the statute, though the original debtor is not discharged? High authority might be found for a negative answer to this question. But there are numerous modern cases in which such promises have been held to be enforceable. And although there may be some discrepancy between them, and although some of them may involve distinctions not reconcileable with the fair operation of the statute, the principal cases seem to be those in which the consideration consists not merely in the forbearance of the creditor, or in his relinquishing some advantage which he may have with respect to the collection of his debt, but in the additional fact that the third person, who promises to pay the debt, derives some advantage to himself, constituting a consideration distinct from the original demand. In the case of *Thomas* v. *Williams*, 10 *Barnw. & Cres.* 664, in which the promise was held to be invalid, Lord Tenterden, after noticing the cases of *Edwards*

JONES
vs.
WALKER.

v. *Kelly*, 6 *Maule & Selw*. 204, and *Castling* v. *Aubert*, 2 *East*, 325, in which the promises were enforced, says: "In these cases the promise was founded on a new consideration, distinct from the demand that the plaintiff had against the third person, although its performance would have the effect of dischaging that demand and releasing that person." He places the case of *Williams* v. *Lessee*, 3 *Burrows*, 1886, on the same principle, and he decided against the enforcement of the promise in the case before him, because the promise went beyond the amount of the right vested in the promisee, or beyon l the assumed value of the payment to be made, that is, the fund relinquished by the promisee for the benefit of the party promising.

The case of *Waller* v. *Taylor*, 6 *Car. & Payne*, 752, and *Barrell* v. *Trussell*, 4 *Taunt*. 117, were decided upon the same principle, as was also the case of *Nelson* v. *Boynton*, 3 *Metcalfe's Rep.* 396. In this last case the cases above cited and others are stated and commented on, and the principle deduced is substantially that which we have stated, as the ground on which they were decided. In that case the plaintiff had actually commenced an action against his debtor, and had actually attached real estate to secure his debt; and the defendant promised him if he would discontinue his suit he would pay the debt, and the suit was accordingly discontinued. But although the plaintiff thus relinquished an actual lien which he had for the security of his debt, and this was the consideration of the promise, it was held that as the defendant derived no benefit to himself, but made the promise singly for the benefit of the debtor, the promise under the principle of the cases referred to was within the statute, and was not enforceable. In the present case nothing is relinquished or given up which was actually in the hands of the plaintiff, or on which he had a lien for the satisfaction or security of his debt. And so far as the instruction goes, the defendant got nothing as the consideration of his promise,

and it was not deemed necessary that he should derive any benefit from it.

To decide that a loss, or detriment, or inconvenience to the creditor, with respect to his debt, is of itself such a consideration as would take a promise to pay the debt of another out of the statute, though the original debtor remains bound, would make the consideration of mere forbearance have that operation, and would virtually repeal the statute. Such a consideration necessarily involves some advantage to the debtor. And any consideration which merely secures some advantage or gain to the debtor necessarily involves some loss or inconvenience to the creditor. The fact that the consideration involves such reciprocal advantage and disadvantage, as between the creditor and the original debtor, cannot, therefore, of itself be sufficient. There must be something more, or if the original debt still continues, the promise of a third person to pay it, is but a promise to pay the debt of another, and must be in writing. And it would seem that this additional ingredient in the consideration can only consist in some loss, burthen, or inconvenience on the part of the creditor independent of, or in addition, to its effect upon his debt, or in some advantage to the promiser independent of or in addition to the advantage which may accrue to the debtor. If there be something substantial in the transaction besides the debt and the stipulations with respect to it, which is itself a sufficient consideration for the promise, and which may be assumed to be the real and principal inducement to its being made, then the promise being founded on some new consideration arising between the creditor and the party promising, and collateral to the original debt, may perhaps be regarded as not being a mere promise to pay the debt of another, and as not being within the interdict of the statute, although it be in terms a promise to pay the debt of another, and although its performance will discharge that debt. The payment of the debt of another may, in such case, be but the mode of pay-

ing the promiser's own debt incurred for an equiva-
lent or sufficient consideration, not merely consisting
in the original debt, or any disposition of it to be
made by the creditor while he continues to hold the
demand against his original debtor, but arising upon
other parts of the transaction and plainly appearing
in it. Such a promise being founded upon a new
consideration, independent of the debt to be paid,
may perhaps be deemed an original promise, and en-
forceable without being evidenced by writing. And
if this be so, we should think the law of the case the
same, though the party promising may have contem-
plated and perhaps even stipulated for some advan-
tage or benefit to the original debtor.

It is not necessary for us to decide, in the present
case, what circumstances would be sufficient to take
a promise to pay the debt of another out of the stat-
ute, though the original debt remains undischarged.
We are satisfied that nothing less than the circum-
stances indicated in the propositions just stated would
be sufficient. And as the case presented by the in-
struction above stated, and therein declared to be
sufficient to require a verdict for the plaintiff, does
not come up to these propositions ; and as we are de-
cidedly of opinion that the mere abstaining, for a
reasonable time, from suing out the intended attach-
ment, or from other suit, is not such a consideration
as takes the defendant's promise out of the statute of
frauds, therefore the judgment is reversed, and the
cause remanded for a new trial in conformity with
the principles of this opinion.

*Peters* and *Hazlerigg*, for plaintiff; *Apperson*, for de-
fendant.